UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE N. SANDERS-TAYLOR, III, | ) | CASE NO. 5:13CR542 |
| | ) | CASE NO. 5:16CV2720 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner Joe N. Sanders-Taylor, III ("Sanders-Taylor") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 50 ["Mot."].) Respondent United States of America (the "government") opposes the motion. (Doc. No. 51 ["Opp'n"].) Sanders-Taylor also seeks leave to supplement his motion to vacate by adding additional grounds for relief. (Doc. Nos. 54, 55, 61, 65.) The government opposes these requests, as well. (Doc. Nos. 57, 63, 66.) For the reasons that follow, Sanders-Taylor's motions are DENIED.

**I. BACKGROUND**

On January 28, 2014, the government filed a two-count superseding indictment, charging Sanders-Taylor with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 10.) The first count specified a Smith & Wesson revolver, and the second count listed two firearms—a Rohm revolver and a Colt revolver. (*Id.*) On May 27, 2014, Sanders-Taylor pleaded guilty to both counts without a plea agreement. (Doc. No. 42 (Change of

1

Plea Hearing Transcript ["Tr."]).) On August 27, 2014, the Court sentenced Sanders-Taylor to concurrent prison terms of 110 months on each count. (Doc. No. 28 (Judgment).)

Sanders-Taylor appealed the Court's judgment. On appeal, he argued "that his sentence was procedurally unreasonable because the district court engaged in impermissible double counting." (Doc. No. 46 (*United States v. Sanders-Taylor*, Case No. 14-3914 (6th Cir. Oct. 30, 2015) at 253[1]).) The Sixth Circuit rejected this argument and affirmed the Court's judgment in an order dated October 30, 2015. (*See id*.)

Thereafter, Sanders-Taylor timely filed the present § 2255 motion. In his motion, he makes three main claims: that his sentence under the United States Sentencing Guidelines is invalid following the ruling in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (Ground One); that his trial counsel rendered ineffective assistance of counsel by withdrawing a criminal-history objection (Ground Two), by failing to object to a sentencing enhancement for a stolen firearm (Ground Three), and by failing to file a suppression motion (Ground Five); and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal (Count Four).

## II. SANDERS-TAYLOR'S SECTION 2255 MOTION

### A. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

2

States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

### B. *Johnson* and the Sentencing Guidelines

In his first ground for relief, Sanders-Taylor argues that, in light of the Supreme Court's ruling in *Johnson*, his base offense level was improperly enhanced under the Sentencing Guidelines. (Mot. at 262.) In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided in relevant part for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies," was unconstitutionally vague under due process principles. *Id.* at 2556-57. In his motion, Sanders-Taylor suggests that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base level offense.

This first ground is without merit. On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, -- U.S.--, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id.* at 892. This ruling forecloses Sanders-Taylor's argument, and, therefore, there is no basis upon which to grant Ground One of his motion to vacate.

### C. Effectiveness of Trial Counsel

In the remaining grounds of the original § 2255 motion, Sanders-Taylor argues that he was denied ineffective assistance of counsel. Under the familiar ineffectiveness standard, a petitioner must demonstrate that counsel's performance was deficient, and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. To establish that the deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived a fair trial. *Id*. Essentially, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Sanders-Taylor does not have to demonstrate that he would have prevailed at trial, a petitioner alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59

(quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

### 1. *Withdrawal of Criminal History Objection*

Sanders-Taylor maintains that trial counsel "should have explored the possibility of whether the OHIO STATE conviction being used to enhance the subsequent Federal sentence . . . was susceptible to some sort of post-sentencing challenge in state court." (Mot. at 278, capitalization in original.) Without offering any detail or explanation as to why such an inquiry would have been fruitful, Sanders-Taylor opines that a successful attack upon one or more state court convictions "may have had a substantial effect on [his] sentence." (*Id.*) Such a vague and conclusory argument is insufficient to meet the *Strickland* ineffectiveness standard.

On collateral review, defense counsel's competence is presumed, and a petitioner must rebut that presumption by proving, not simply alleging, that his "counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 306 (1986). Given the "highly deferential" scrutiny the Court must apply at this stage in the proceedings, Sanders-Taylor's simple assertion that trial counsel's strategy was unreasonable is insufficient to rebut the presumption that Sanders-Taylor received effective assistance from trial counsel. *Id*. Ground Two does not support Sanders-Taylor's request for relief.

### 2. *Failure to Object and Failure to File a Motion*

In Ground Three, Sanders-Taylor complains that trial counsel failed to object to the use of a firearm to enhance his sentence, and in Ground Five, he argues that trial counsel erred in refusing to file a suppression motion. "A strategic decision cannot be the basis for a claim of

ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Further, even if the rejected claim or motion is non-frivolous, the required showing of prejudice cannot be made if the claim lacks merit. *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005). As to each ground for relief, Sanders-Taylor has failed to demonstrate that counsel's strategic decisions rose to the level of ineffectiveness.

With respect to the decision not to object to the enhancement, Sanders-Taylor argues that trial counsel erred because the victim owner did not have the serial number of one of the three firearms. Yet, at the time of his guilty plea, he acknowledged that he illegally possessed three firearms, and he further acknowledged that two of the firearms "had . . . been reported as stolen." (Doc. No. 42 (Guilty Plea Hearing Transcript ["TR"]) at 214-15.) As the government aptly observes, the U.S.S.G. § 2K2.1(b)(4)(A) sentencing enhancement does not require that every firearm used to enhance be stolen. Rather, the two-level enhancement applies if "*any* firearm . . . was stolen." By agreeing to the fact that two of the firearms were stolen, he supplied the factual predicate for the enhancement. Accordingly, any challenge to the stolen nature of the third firearm in his possession would have been futile.

As for the failure to file a suppression motion, it is true that defense attorney's failure to competently litigate a Fourth Amendment claim can serve as the basis for collateral relief. *See Kimmelman*, 477 U.S. at 375. To succeed on such a claim, however, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id*. While he insists that he "unequivocally requested" that counsel file a

7

suppression motion, he fails to elaborate on the nature of the motion or why he believed that such a motion would be successful. Such a barebones, unsupported claim cannot form the basis to vacate his sentence. *See Brofford v. Marshall*, 751 F.2d 845, 853-54 (6th Cir. 1985); *Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976). Grounds Three and Five offer Sanders-Taylor no basis for relief from his sentence.

### 3. *Appellate Counsel*

In the final ground of his original motion (Ground Four), Sanders-Taylor argues that appellate counsel was ineffective for failing to raise on direct appeal the ineffectiveness of trial counsel. However, because Sanders-Taylor has failed to establish that his trial counsel was ineffective, he cannot demonstrate prejudice from appellate counsel's failure to raise the issue on appeal. *See Benning v. Warden, Lebanon Corr. Inst.*, 345 F. App'x 149, 157 (6th Cir. 2009) ("Because trial counsel was not ineffective, it follows that appellate counsel cannot be ineffective for failing to raise ineffective assistance of trial counsel on direct appeal."); *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (holding that appellate counsel cannot be ineffective "for a failure to raise an issue that lacks merit"); *see also Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004) (holding that even if a rejected claim is non-frivolous, the required showing of prejudice cannot be made if the claim lacks merit).

### III. SANDERS-TAYLOR'S REQUESTS TO SUPPLEMENT

Through several subsequent filings, Sanders-Taylor seeks leave to amend or supplement his motion to add the following additional claims: (1) in light of the Supreme Court's ruling in *Mathis v. United States*, --U.S.--, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), his prior Ohio drug convictions no longer qualify for certain guideline enhancements (proposed Ground Six); (2) in

light of the Sixth Circuit's ruling in *United States v. Amerson*, 886 F.3d 568 (6th Cir. 2018), the two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) should not have applied because "a convict's illegal possessions of a firearm two or three months apart" does not demonstrate that they were part of the same course of conduct (proposed Ground Seven); and (3) in light of the recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), his prior drug trafficking convictions no longer qualify as controlled substances offenses under U.S.S.G. § 2K2.1(a)(2) (proposed Ground Eight). (*See* Doc. Nos. 55, 61, 65.)

A § 2255 motion and any amendments or supplements to it must be filed within § 2255(f)'s one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Claims not timely raised in an original § 2255 motion are barred unless the claims asserted "relate back" under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure to a claim raised in the original motion. *See Evans v. United States*, 284 F. App'x 304, 305, 313 (6th Cir. 2008); *cf. Cowan v. Stovall*, 645 F.3d 815, 819 (6th Cir. 2011). Further, while Rule 15(a) dictates that leave should be "freely given" when "justice so requires[,]" denying leave is appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quotation marks and citation omitted).

### A. Claim based on *Mathis*

The Court hereby denies Sanders-Taylor's requests to add these new claims because, even if the Court were to find that the claims related back to the claims raised in the original motion, they are devoid of merit, making any amendment futile. In proposed Ground Six,

Sanders-Taylor relies on the Supreme Court's ruling in *Mathis* to argue that his prior state court drug convictions no longer qualify as a basis for enhancement under the Sentencing Guidelines. In *Mathis*, the Supreme Court held that the modified categorical approach—which is used to determine whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA")—may not be applied to statutory offenses listing alternative means (as opposed to elements). *Mathis*, 136 S. Ct. at 2248.

The ruling in *Mathis* is inapplicable to the present case for two reasons. First, in order for a new Supreme Court decision to apply to Sanders-Taylor's petition, the holding must be retroactively applicable to cases on collateral review. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Sixth Circuit has expressly held that *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017); *see, e.g., United States v. Gentry*, No. 5:12-cr-127-KKC-EBA, 2017 WL 4081875, at *2 (E.D. Ky. Aug. 4, 2017) (denying § 2255 motion and collecting cases holding *Mathis* did not create a new rule of law). Second, even if *Mathis* could be applied retroactively, its holding concerned ACCA enhancements, and Sanders-Taylor was not sentenced under ACCA. *See, e.g., Gentry*, 2017 WL 4081875, at *2 (denying § 2255 motion, in part, because petitioner was sentenced under the guidelines and not ACCA). Because it would be futile to permit Sanders-Taylor to amend to add a claim under *Mathis*, the request to amend is DENIED.

### B. Claim Based on *Amerson*

Sanders-Taylor also seeks leave to amend to advance a claim based on the Sixth Circuit's decision in *Amerson*, which addressed circumstances under which separate incidents of unlawful possession of firearms are considered part of the same course of conduct for relevant conduct

purposes under the Sentencing Guidelines. *Amerson*, 886 F.3d at 573-78. *Amerson* is inapplicable. Unlike the defendant in *Amerson*, Sanders-Taylor pled guilty to two separate incidents of unlawful possession of firearms. The first incident involved his possession of one firearm, and the second incident his possession of two additional firearms. Accordingly, there is no question of relevant conduct, and the Court need not determine whether the incidents are part of the same course of conduct to justify applying the U.S.S.G. § 2K2.1(b)(1)(A) enhancement. Because it would be futile to permit an amendment to include a claim under *Amerson*, the request is DENIED.

**C.** Claim Based on *Havis*

In *Havis*, the Sixth Circuit recently ruled that the United States Sentencing Commission exceeded its authority by expanding—in an application note—the guideline's definition of the term "controlled substance offense" to attempt crimes. *Havis*, 927 F.3d at 387 ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses."). Sanders-Taylor avers that in light of this ruling, his prior drug trafficking convictions no longer qualify as controlled substance offenses under the federal sentencing guidelines because the state statutes under which he was convicted encompassed attempted crimes. Thus, he argues that his base offense level should be reduced, and that he should be remanded for resentencing. This final proposed claim is meritless because it is not a cognizable, retroactive constitutional claim under 28 U.S.C. § 2255.

As the Supreme Court has recognized, a case that announces a new rule applies retroactively on collateral review only in limited circumstances. *Schiro v. Summerlin*, 542 U.S.

11

248, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). New rules of substantive law generally apply retroactively, while new rules of criminal procedure generally do not. *Id*. at 351–51. A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." *Id*. at 353. A rule is procedural if it merely "regulate[s] the manner of determining the defendant's culpability." *Id*. Retroactive effect is given only to "a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id*. at 352 (internal citations omitted). Because any such rule "would be so central to an accurate determination of innocence or guilt" it is "unlikely that many such components of basic due process have yet to emerge[.]" *Beard v. Banks*, 542 U.S. 406, 417, 124 S. Ct. 2504, 159 L. Ed. 2d 494 (2004) (internal quotations and citations omitted). For this reason, the Supreme Court has yet to recognize a procedural rule that falls in this category, although the right to counsel in felony cases recognized in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), is often given as an example. *Beard*, 542 U.S. at 417.

*Havis* announced a new rule by abrogating the holding in *United States v. Evans*, 699 F.3d 358 (6th Cir. 2012) that "controlled substance offense[s]" under the guidelines included attempts; *Havis* thus constitutes a procedural rule. *See generally Jones v. United States*, 689 F.3d 621, 626 n.3 (6th Cir. 2012) (noting that a change in interpreting the career-offender enhancement "affects only the procedure by which a district court calculates a defendant's sentence. It . . . is not a retroactive substantive change in the law") (quotation marks and citation omitted). Moreover, because this new procedural rule does not impermissibly risk an "inaccurate conviction," or "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding[,]" it cannot be understood to fall in the exceptionally narrow category

12

of possible procedural rules that would constitute a watershed rule entitled to retroactive application. *See Wharton v. Bockting*, 549 U.S. 406, 418, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007)

For these reasons, as well as the reasons set forth in the government's response (*see* Doc. No. 66), the Court denies as futile Sanders-Taylor's request to amend to add a claim under *Havis*.

### IV. CONCLUSION

For the foregoing reasons, Sanders-Taylor's motion to vacate, set aside, or correct his sentence (Doc. No. 50), as well as his motions to amend or supplement his § 2255 motion (Doc. Nos. 54, 55, 61, 65), are DENIED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 30, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**